# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DIONYSOS SOUBASIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:20-CV-1157 SRC |
| ) | |
| RICHARD ADAMS, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of petitioner Dionysos Soubasis's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. The Court will deny and dismiss the petition because it is successive and was filed without authorization from the Eighth Circuit Court of Appeals.

### Background

Petitioner Dionysos Soubasis is presently incarcerated at the Missouri Eastern Correctional Center in Pacific, Missouri, pursuant to the judgment and sentence of the Circuit Court of St. Charles County. On August 17, 2005, petitioner pleaded guilty to felony drug trafficking in the first degree in violation of Mo.Rev.Stat. § 195.222. *State v. Soubasis,* No.04CR131213 (St. Charles County Court). On October 7, 2005, the Circuit Court of St. Charles County sentenced petitioner to a term of thirty (30) years' imprisonment.

Petitioner filed a direct appeal of his conviction and sentence by filing a motion for late notice of appeal on March 16, 2006. *State v. Soubasis*, No. ED87771 (Mo. Ct. App.). The Court granted petitioner's motion to file a late appeal on March 21, 2006; however, the conviction and sentence entered by the trial court was affirmed on June 5, 2007. *Id.*

Petitioner filed a timely motion for post-conviction review pursuant to Missouri Supreme Court Rule 29.15 on January 9, 2006. The motion was denied on November 20, 2009. *Soubasis v. State*, No. 0611CV-00227 (St. Charles County Court). On February 22, 2011, the Missouri Court of Appeals affirmed the denial of post-conviction relief. *Soubasis v. State*, No. ED94367 (Mo. Ct. App.). The mandate was entered on March 17, 2011. *Id.*

On August 4, 2011, petitioner timely filed his first application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 in this Court, in which he asserted four grounds for relief. *Soubasis v. Norman,* No. 4:12-CV-1365 CEJ (E.D.Mo.). The Court denied and dismissed the application for writ of habeas corpus on September 8, 2014. *Id.* Petitioner appealed the dismissal to the Eighth Circuit Court of Appeals. *See Soubasis v. Norman*, No. 14-32-30 (8th Cir. 2015). However, the Eighth Circuit denied petitioner a certificate of appealability and dismissed his action on February 20, 2015. *Id.*

## Discussion

Petitioner clearly intends to seek relief pursuant to 28 U.S.C. § 2254. He also clearly intends to challenge the same state court judgment he challenged in his first habeas petition, which was adjudicated on its merits, and his claims were brought, or could have been brought, in that case.[1] Accordingly, the instant petition is a second or successive application.

A claim presented in a "successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Furthermore, for claims in a successive application that were not presented in a prior application he is required to

---

[1] Petitioner asserts that he was arrested without a warrant for drug trafficking and that as a result he was denied due process when he pleaded guilty and forwent a jury trial. Petitioner also asserts that the "civil officers" involved in his case were "acting within the confines of the law."

2

"move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

To the extent petitioner seeks to re-litigate claims he brought in his first habeas petition, those claims must be denied pursuant to 28 U.S.C. § 2244(b)(1). To the extent petitioner seeks to bring new claims for relief, because he has not sought, much less obtained, the required authorization from the Eighth Circuit Court of Appeals, this Court lacks jurisdiction to consider his petition. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007).

When a second or successive application for collateral relief is filed in a district court without the authorization of the court of appeals, the district court should dismiss it, or, in its discretion, transfer it to the appellate court so long as it is in the interests of justice. Here, the Court finds it would not be in the interest of justice to transfer the petition to the Eighth Circuit Court of Appeals. The Court will therefore dismiss it for lack of jurisdiction. Finally, the Court finds that petitioner has not made a substantial showing that he was denied a constitutional right and will therefore not issue a certificate of appealability.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that petitioner Dionysos Soubasis's application for writ of habeas corpus is **DENIED AND DISMISSED AS SUCCESSIVE**. A separate Order of Dismissal shall accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 30th day of September, 2020.

SL R. CR
_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE

3